Filed 2/4/14  P. v. Rusher CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>JOEL P. RUSHER,<br><br>      Defendant and Appellant. | C074224<br><br>(Super. Ct. No. 13CR20360) |

On January 28, 2013, defendant Joel P. Rusher knocked on the front door of a residence in Pine Grove.  When the door was not answered, he began looking through the windows and the open garage.  Then he returned to the front door and peered through the living room window.  When the resident opened the door and confronted him, defendant said he needed money and offered to sell her some items from the back of his truck.  When the resident refused, defendant drove away and the resident reported the matter to the Amador County Sheriff's Department.  She provided a description of defendant and the truck.

1

In the driveway of another residence in Pine Grove, a responding deputy located a truck matching the description given by the resident. Defendant was located in the residence's garage and taken into custody at gunpoint. A patsearch of defendant yielded a bottle of medication prescribed to the homeowner at that residence. The homeowner arrived at the residence, confirmed that she did not know defendant, and confirmed that he did not have permission to be inside the residence. In the garage, the homeowner found several items that had been removed from other portions of the residence. She advised that the rear garage door had been opened before she left for work and the door from the garage to the interior of the residence had been closed but unlocked.

Defendant pled guilty to first degree burglary. In exchange, a related count of child endangerment was dismissed. He was sentenced to prison for the stipulated low term of two years, awarded 131 days' custody credit and 130 days' conduct credit, and ordered to pay a $240 restitution fine, a $240 restitution fine suspended unless parole is revoked, a $40 court operations fee, and a $30 court facilities assessment.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      ROBIE      , J.

We concur:

      NICHOLSON      , Acting P. J.

      MAURO      , J.